## OSCAR SWINGER v. THE STATE.

### No. 3425.    Decided April 24, 1907.

**1.—Malicious Mischief—Domesticated Birds—Charge of Court.**

Where upon trial for malicious mischief, the evidence showed that the turkeys, which it was charged the defendant had maliciously, etc., killed, were depredating upon defendant's crop, the court should have charged the jury that he had a right to defend his crop against the intrusion of and damage by these domesticated birds.

**2.—Different Offenses—Several Counts—Charge of Court.**

Where upon trial for malicious mischief, one count in the indictment charged defendant with wilfully and maliciously killing with intent to injure the owner, and another count charged him with wilfully and wantonly killing certain turkeys, etc., and the court submitted both counts, but charged the jury if they believed that the killing was wilfully and wantonly done with intent to injure the owner to convict, and refused to charge that it must be wilfully and maliciously done, there was reversible error.

**3.—Same—Principal—Charge of Court.**

Where upon trial for malicious mischief, the State relied on testimony that defendant encouraged his son in killing certain turkeys, the court should have charged that if the defendant himself did not kill them, that in order to hold him responsible he must have encouraged his son in such a way as to make him a principal in the transaction.

Appeal from the County Court of Milam.    Tried below before the Hon. R. B. Pool.

Appeal from a conviction of unlawfully killing certain domesticated birds; penalty, a fine of $10.

The opinion states the case.

*Henderson & Lockett,* for appellant.—Caruth v. State, 28 S. W. Rep., 532; Arismendis v. State, 54 S. W. Rep., 600; Thomas v. State, 14 Texas Crim. App., 200; Lane v. State, 16 Texas Crim. App., 172; Deedy v. State, 22 Texas Crim. App., 271.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of killing turkeys belonging to a neighbor.    The evidence shows the turkeys had gone into the field of appellant, some of them were killed and some wounded.    The evidence further shows they were depredating upon the crop of appellant, especially his crop of peas.    The theory of appellant was that if he had killed the turkeys, he had a right to kill them without violating the statutes defining malicious mischief.

Error is assigned by appellant to the refusal of the court to instruct the jury that he had a right to defend his crop against the intrusion of and damage by the domesticated birds. This was an issue in the case and should have been submitted.

The theory of the State was that appellant was guilty by reason of the fact that he was a principal in the transaction, in that he was present aiding and encouraging his son who did the shooting. Appellant's contention was that the evidence is insufficient to show this theory. No one witnessed the shooting of the birds except appellant and his son. It was a case where the State relied upon circumstantial evidence to connect appellant with the transaction. If the son did the killing, and appellant was present, aiding and encouraging him, and the facts constituted a violation of law, appellant would be guilty as a principal. The main facts relied upon were, first, that the killing of the turkeys occurred in the field of appellant; second, that appellant was in his field at work, and third, that, shortly after the shots were fired, which are claimed did the damage, one of the witnesses testified that he walked to the fence of the field and saw appellant with his son as if walking away from the direction of where the shooting occurred. In submitting this issue to the jury, the court instructed them that if they believed appellant's son wilfully or wantonly killed, maimed or wounded the turkeys, and they should further believe beyond a reasonable doubt that at the very time such offense, if any, was committed, the defendant was present and knowing the unlawful intent of his son, aided him by acts or encouraged him by words or gestures, appellant would be liable. The court further charged the jury that if they believed beyond a reasonable doubt from the evidence that defendant's son killed, maimed or wounded the turkeys belonging to the alleged owner with the intent to injure the owner, etc., and they should further believe beyond a reasonable doubt that at the very time such offense, if any, was committed, defendant was present and knew the unlawful intent of his son and aided him, etc., he would be guilty. It is necessary to state here there were two counts in the indictment, one charging wilfully and maliciously killing with intent to injure the owner, and the other wilfully and wantonly killing. In one of the charges the court informs the jury if they believed the killing was wilfully and wantonly done, that they would convict appellant as a principal, if he encouraged his son. In submitting the other issue the court failed to instruct the jury that it must be wilfully and maliciously done. Appellant excepted to this charge and sought to correct it by a special charge. We believe this was error and the special charge should have been given. Under one statute appellant would be guilty if the killing was wilfully and maliciously done to injure the owner, and under the other statute it would be necessary that the killing should be wilfully and wantonly done. Both statutes were charged in the indictment in different counts, and it was necessary to define properly these two statutes, as the State relied on both counts; and further that if appellant

himself did not kill the turkeys, that in order to hold him responsible he must have encouraged his son in such way as to make him a principal in the transaction. The charge of the court was not sufficient in this respect, and upon another trial the charge should be properly given.

For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Brooks, Judge, absent.